**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN R. KOCH, | No.   15-35444 |
| Plaintiff-Appellant, | D.C. No. 9:14-cv-00251-JCL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Submitted December 19, 2017[**]

Before: THOMAS, Chief Circuit Judge, TROTT and SILVERMAN, Circuit
Judges.

Susan R. Koch appeals from the district court's order affirming the decision

of the Commissioner of Social Security denying her applications for disability

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

The administrative law judge ("ALJ") did not reject Dr. Sinnathamby's opinion. Rather, he accorded it significant weight and accounted for it in the residual functional capacity ("RFC") assessment by including relevant limitations on Koch's ability to stand. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (ALJ need not provide reasons for rejecting medical opinion where ALJ accounted for it by including relevant limitations in RFC assessment).

The ALJ provided specific and legitimate reasons for giving little weight to Dr. Jenkins' first opinion dated March 8, 2012. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (ALJ may reject controverted medical opinion by providing specific and legitimate reasons supported by substantial evidence). Dr. Jenkins' first opinion was contradicted by the opinion of a state agency physician, and could be rejected for specific and legitimate reasons. *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006). The ALJ properly discounted Dr. Jenkins' opinion because it was inconsistent with his treatment notes. *See*

2

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruities between doctor's opinion and medical records may suffice as specific and legitimate reasons for rejecting the opinion). Indeed, Dr. Jenkins opined that Koch could not sustain employment on account of her Sjögren's syndrome and other physical conditions, but upon examination he recorded no worse than mild tenderness and some reduced ranges of motion, and he noted that medication helped significantly in managing Koch's symptoms. At the time Dr. Jenkins rendered his opinion, he had seen Koch two times. During the second visit, Dr. Jenkins noted the medication he prescribed had helped Koch, and Koch rated her pain at a 3.5 out of ten. Additionally, Dr. Jenkins' findings following a physical examination were mild, and his treatment notes from follow-up visits indicated that Koch continued to improve.

Neither the ALJ nor the district court were required to evaluate the second opinion from Dr. Jenkins, dated April 4, 2013, which Koch submitted for the first time to the Appeals Council. The evidence related to a period later than the period on or before the ALJ's decision, and therefore did not affect the decision about whether Koch was disabled during the relevant time period: on or before March 4, 2013, the date of the ALJ's decision. The Appeals Council did not consider the second opinion, and the opinion did not become part of the

3

administrative record. Accordingly, the district court was not required to consider it in its determination of whether the ALJ's decision was supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012).

Although the ALJ erred by not considering arthritis at step two and not finding that varicose veins were a severe impairment, these errors were harmless because they did not prejudice Koch at any step of the sequential analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005) (no prejudice at step two where ALJ recognized other severe impairments and allowed claim to proceed; no prejudice at step three where claimant did not prove she had an impairment that met or equaled a listing; no prejudice at step four where ALJ found in claimant's favor; and no prejudice at step five where ALJ accounted for omitted impairment in RFC assessment); *Lewis*, 498 F.3d at 911 (harmless error where ALJ discussed evidence related to an omitted impairment and "[t]he decision reflects that the ALJ considered any limitations posed by [the omitted impairment at a later step]"). The ALJ considered the evidence relating to Koch's arthritis and varicose veins. The ALJ discussed the symptoms and limitations associated with both arthritis and varicose veins when assessing Koch's RFC, and the RFC includes limitations related to arthritis and varicose veins, such as limitations on Koch's ability to sit,

4

stand, and use her extremities. As for the rest of Koch's impairments, the ALJ properly reasoned that they were not severe because they caused only minimal limitation on Koch's ability to perform basic work activities. *See Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005).

The ALJ provided specific, clear, and convincing reasons for finding that Koch's testimony was not entirely credible. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (ALJ may discredit claimant's testimony by providing specific, clear, and convincing reasons). First, the ALJ properly discredited Koch's testimony because the alleged level of severity was inconsistent with her reported activities. *See Molina*, 674 F.3d at 1113 (inconsistencies between claimant's testimony and reported activities may be grounds for discrediting testimony). For example, Koch testified she was confined to her bed for nearly two days a week, but admitted she was able to care for herself and her granddaughter, prepare meals, tend to household chores, shop for groceries, manage her money, pay bills, and go camping. Second, the ALJ properly discredited Koch's testimony because it was inconsistent with objective medical evidence. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (inconsistencies between claimant's testimony and medical record are proper grounds to discredit testimony). For example, although Koch testified her carpel tunnel syndrome caused significant pain and numbness in her

5

hands, objective findings were unremarkable and relatively mild. Further, despite Koch's complaints of arthritis pain and numbness and aching in her arms and legs, physical examinations showed normal strength, no joint swelling, infrequent tenderness, and only some crepitus in the knees.

The ALJ properly included only those limitations he found to be both credible and supported by substantial evidence in the RFC assessment and hypothetical question to the vocational expert. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, because Koch did not assert in the district court that the ALJ erred in failing to consider whether the severity of her Sjögren's syndrome met or equaled the criteria of listing 14.10, we decline to address it for the first time on appeal. *See Edlund v. Massanari*, 253 F.3d 1152, 1160 n. 9 (9th Cir. 2001) (holding that where the claimant fails to raise an argument in the district court, this Court may not consider the argument on appeal).

**AFFIRMED.**